# In the Matter of the Marriage of
## TJERNLUND, *Appellant,*
*and*
## TJERNLUND, *Respondent.*
(No. 30388, CA 6221)

557 P2d 60

*Robert S. Gardner,* Corvallis, argued the cause for appellant. On the brief was Ringo, Walton & Eves, Corvallis.

*Robert Mix,* Corvallis, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Thornton, Judges.

THORNTON, J.

## THORNTON, J.

Wife appeals from the financial provisions of the decree dissolving the 28-year marriage of the parties. They have one minor child, a girl now aged 13 years, but neither custody nor child support is an issue. Wife contends that the trial court erred in (1) failing to award an adequate amount of spousal support and (2) in dividing the property of the parties.

The financial provisions of the decree may be summarized as follows:

Wife was awarded permanent support of $100 a month. This amount is to increase to $200 a month when husband's obligation to pay child support ($150 a month) terminates. However, this sum would go back to $100 a month when husband retires.

The property settlement provisions of the decree provided for the sale of the family residence and the division of the net proceeds equally between the parties. The testimony was that the house, together with the surrounding acreage, was worth approximately $60,000. It is subject to a lien on which there was a balance owing of approximately $19,800. The decree also provided that the summer cabin in Montana owned by the parties would become the property of the husband, but if it were ever sold the wife would receive one-half of the net proceeds. In the meantime the cabin is subject to reasonable use by wife and the children of the parties.

Under another provision of the decree the wife would receive an additional $100 a month property settlement from retirement funds of husband in the event husband chose to receive monthly benefits. However, if husband chose a lump-sum distribution of his retirement account funds, wife would receive a lump sum of $5,000.

Both parties are regularly employed. Husband is a school teacher, with additional income from summer

and after-hours' employment. Wife is in charge of the art department of a local store. Wife has had some emotional and mental health problems, especially since the separation of the parties. These problems have necessitated treatment by a psychiatrist.

We have examined the financial provisions of the decree in the light of the testimony and conclude that the decree is fair and equitable in all respects.

Affirmed. No costs to either party.